UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DARNELL HAGAN, | Civil Action No. 18-14063(MCA) |
| Plaintiffs, | |
| v. | OPINION |
| NEW JERSEY STATE PAROLE BOARD, et al., | |
| Defendants. | |

I. **INTRODUCTION**

This matter has been opened to the Court by Plaintiff's filing of a civil rights complaint and an application to proceed *in forma pauperis* ("IFP"). At this time, the Court will grant Plaintiff's IFP application and screen the Complaint for dismissal. For the reasons explained below, the Court will dismiss Plaintiff's claims for relief, as described in this Opinion, as to all Defendants pursuant to 28 U.S.C. § 1915(e)(2)(B). Unless otherwise stated, the dismissal is without prejudice, and Plaintiff may file an amended complaint within 30 days to the extent he can cure the deficiencies in his claims.

II. **FACTUAL BACKGROUND**

The Court begins by noting that parts of Plaintiff's submission are illegible or blank, *see* ECF No. 1, at 5-8, and the Court screens the Complaint based on the "Statement of Claims" portion of the Complaint. The Complaint alleges that Defendant Parole Officer Robert Wall arrested Plaintiff at parole headquarters in June 2017 for parole violations, which consisted of "use of social media, leaving the state without prior approval, and a music video with a prop firearm." ECF No. 1, Compl. at 9. It is not clear from the Complaint if Plaintiff contests or

1

concedes that he committed these parole violations. After his arrest on these parole violations, Plaintiff was hand cuffed, and his cell phone, wallet, and keys were confiscated by Parole Officer Wall. *Id.* Wall and the other parole officers named in the Complaint searched Plaintiff's car and took Plaintiff to his residence, which Plaintiff rents from his mother and sister. *Id.* at 9-10. At the apartment, Plaintiff observed Parole Officer Wall retrieve a book bag from the trunk of Wall's car before entering the apartment for approximately four minutes. *Id.* at 9. Parole Officer Wall returned from the apartment and read Plaintiff his *Miranda* rights. *Id.* According to Plaintiff, his room in the apartment was locked and Parole Officer Wall used the keys he confiscated from Plaintiff to gain entry to the room. *Id.* Parole Officer Wall then "allegedly" found a bag with heroin at the bottom in Plaintiff's room. *Id.* Parole Officer Wall also found a set of keys that he used to unlock three safes in Plaintiff's room. *Id.* It is not clear if anything was found in the safes. According to the Complaint, other law enforcement officers, including state troopers, also participated in the search. *Id.*

The Complaint states that the search was conducted with "no warrant, consent, or exigent circumstances." *Id.* at 10. During the search, Plaintiff was instructed to sit in the living room with his mother and sister. *Id.* The Complaint also appears to allege that the search violated his mother's Fourth Amendment rights and exacerbated her health conditions. *Id.* Plaintiff seeks damages for the violations of his civil rights and various forms of injunctive relief. *Id.* at 11. It is not clear from the Complaint whether Plaintiff pleaded guilty to the parole violations or other crimes related to the search, but he states that he is serving the remainder of his sentence. *See id.*, Compl. at 2.

### III. STANDARD OF REVIEW

Under the PLRA, district courts must review complaints in those civil actions in which a person is proceeding *in forma pauperis*, *See* 28 U.S.C. § 1915(e)(2)(B). The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

Here, Plaintiff's Complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). When reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), courts first separate the factual and legal elements of the claims, and accept all of the well-pleaded facts as true. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). All reasonable inferences must be made in the plaintiff's favor. *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). The Complaint must also allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler*, 578 F.3d at 210 (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

Courts are required to liberally construe pleadings drafted by *pro se* parties. *Tucker v. Hewlett Packard, Inc.*, No. 14-4699 (RBK/KMW), 2015 WL 6560645, at *2 (D.N.J. Oct. 29,

2015) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Such pleadings are "held to less strict standards than formal pleadings drafted by lawyers." *Id.* Because Plaintiff is proceeding pro se, his filings will be liberally construed, but he is still required to allege sufficient facts in his complaint to support a valid claim. *See Gibney v. Fitzgibbon*, 547 F. App'x 111, 113 (3d Cir. 2013) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013)). To do so, Plaintiff must plead enough facts, accepted as true, to plausibly suggest entitlement to relief. *Id.* (citing *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)).

## IV. ANALYSIS

The Court construes Plaintiff to seek relief pursuant to 42 U.S.C. § 1983 and to allege violations of his and his mother's Fourth Amendment rights.[1] Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255–56 (3d Cir. 1994).

From the outset, the Court will dismiss <u>with prejudice</u> the Complaint against the New Jersey State Parole Board, as it is well established that this Defendant is not "a person" amenable

---

[1] The Court does not construe Plaintiff to allege any state law claims for relief.

to suit under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 64, 70–71 and n. 10 (1989); *Bendy v. Ross*, No. CIV.A.08-0864(FLW), 2008 WL 2945979, at *3 (D.N.J. July 30, 2008) (citing *Madden v. New Jersey State Parole Board*, 438 F.2d 1189, 1190 (3d Cir. 1971) (stating that New Jersey Parole Board not a person under § 1983)); *Corradi v. New Jersey State Parole Bd.*, No. CV 16-5076 (FLW), 2017 WL 5762391, at *2 (D.N.J. Nov. 28, 2017) (same). To the extent Plaintiff seeks damages from the individual Defendants in their official capacities, such claims are also dismissed with prejudice.[2]

The Court next construes the Complaint to allege that the individual Defendants violated Plaintiff's Fourth Amendment rights in their personal capacities. *See Gregory*, 843 F.2d at 120 ("Personal-capacity damage suits under section 1983 seek to recover money from a government official, as an individual, for acts performed under color of state law[.]"). "The fundamental task of any Fourth Amendment analysis is assessing the reasonableness of the government search." *United States v. Sczubelek*, 402 F.3d 175, 182 (3d Cir. 2005). Whether a search is reasonable under the general Fourth Amendment totality of the circumstances approach "is determined by assessing, on the one hand, the degree to which it intrudes upon an individual's privacy and, on the other, the degree to which it is needed for the promotion of legitimate governmental

---

[2] "Personal-capacity damage suits under section 1983 seek to recover money from a government official, as an individual, for acts performed under color of state law. Official-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent." *Gregory v. Chehi*, 843 F.2d 111, 120 (3d Cir. 1988); *see Monell v. Department of Social Servs.*, 436 U.S. 658, 690 n. 55 (1978). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166, (1985) ("Official-capacity suits ... 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'"); *Sutton v. City of Phila.*, 21 F. Supp.3d 474, 493 (E.D. Pa. 2014) ("A suit against an individual in his or her official capacity 'is not a suit against the official, but rather a suit against the official's office.'" (citing *Will*, 491 U.S. at 71, and *Kentucky*, 473 U.S. at 165).

interests." *Samson v. California*, 547 U.S. 843, 848 (2006); *see United States v. Williams*, 417 F.3d 373, 378 (3d Cir. 2005). It is well established that parolees have "severely diminished expectations of privacy by virtue of their status alone" because they consent to restrictive parole conditions such as reporting requirements, travel limitations, and drug testing in exchange for early release from prison. *Samson*, 547 U.S. at 852. By contrast, a state's "overwhelming interest" in supervising parolees to reduce recidivism "warrant [s] private intrusions that would otherwise not be tolerated under the Fourth Amendment." *Id.* at 853.

In order to conduct a search of a probationer, the government need only have "reasonable suspicion" that he has engaged in criminal activity or has violated the terms of probation.[3] *United States v. Baker*, 221 F.3d 438, 443-44 (3d Cir. 2000); *see also Griffin v. Wisconsin*, 483 U.S. 868, 873-76 ("A State's operation of a probation system ... presents 'special needs' ... that may justify departures from the usual warrant and probable-cause requirements.... A warrant requirement would interfere to an appreciable degree with the probation system...."). Reasonable suspicion is a "commonsense, nontechnical" concept that deals with "the factual and practical

---

[3] Likewise, under New Jersey law, N.J.A.C. 10A:26-6.3(a) permits a parole officer to conduct a search of a parolee's residence when
> 1. There is a reasonable suspicion to believe that evidence of a violation of a condition of parole would be found in the residence or contraband which includes any item that the parolee cannot possess under the conditions of parole is located in the residence; and
>
> 2. The search is approved by the parole officer's supervisor or circumstances exist which require immediate action without prior approval from the supervisor.

Under N.J.A.C. 10A:26-1.3, "reasonable suspicion" means a belief that an action is necessary based upon specific and articulable facts that, taken together with rational inferences from those facts, reasonably support a conclusion such as that a condition of parole has been or is being violated by a parolee.

considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *Ornelas v. United States*, 517 U.S. 690, 695 (1996) (internal quotation marks omitted). "To decide whether 'reasonable suspicion' exists, courts consider the totality of the circumstances to determine whether the 'officer ha[d] a particularized and objective basis for suspecting legal wrongdoing[.]'" *United States v. Williams*, 417 F.3d 373, 376 (3d Cir. 2005) (quoting *United States v. Arvizu*, 534 U.S. 266, 273 (2002)); *United States v. Wormsley*, 708 F. App'x 72, 74–75 (3d Cir. 2017).

Notably, a search of a parolee's residence (or vehicle), as occurred here, may be reasonable even if conducted without a warrant and without probable cause. *See United States v. Knights*, 534 U.S. 112, 121 (2001); *Griffin*, 483 U.S at 873–74; *United States v. Hill*, 967 F.2d 902, 909 (3d Cir.1992). Reasonable suspicion suffices to justify a parole agent's warrantless search of premises that parolees are on or have control of, including a parolee's residence, when an agent reasonably believes that the premises contain evidence of a parole violation. *See United States v. Baker*, 221 F.3d 438, 443–44 (3d Cir. 2000); *Hill*, 967 F.2d at 908–09; *see also Shea v. Smith*, 966 F.2d 127, 131 (3d Cir. 1992) (a probation officer may enter third party home to confirm whether probationer has violated a condition of probation where the officer "reasonably believes" that the probationer resides there). An analysis of reasonable suspicion considers, under the totality of the circumstances, whether an official "has a particularized and objective basis for suspecting legal wrongdoing." *United States v. Arvizu*, 534 U.S. 266, 273 (2002); *Keating v. Pittston City*, 643 F. App'x 219, 223–24 (3d Cir. 2016).

In light of his status as a parolee and the diminished expectations of privacy that accompany that status, Plaintiff has not provided sufficient facts to plausibly suggest that the searches at issue violated his Fourth Amendment rights. Indeed, he acknowledges that he was

arrested for parole violations immediately prior to the searches in question, does not explicitly contest that he committed such violations, and has not provided any facts showing that the parole officers and other law enforcement officials did not have <u>reasonable suspicion</u> that Plaintiff had either violated the terms of his parole or committed another crime. Instead, he alleges that the searches were conducted without his consent, a warrant, or exigent circumstances. Under the law, however, a parole agent may conduct a warrantless search where there is reasonable suspicion that either a crime or a violation of parole has occurred. For these reasons, the Court will dismiss <u>without prejudice</u> Plaintiff's Fourth Amendment claims against the individual Defendants in their personal capacities for failure to state a claim for relief, and Plaintiff may file an Amended Complaint against one or more of these Defendants if he is able to provide facts showing that the officers did not have reasonable suspicion to conduct the searches in question.

The Court also notes that Plaintiff has identified Kevin Dees, Tristian Preseau, Brian Valero, and Michael Almonte as additional Defendants who violated his Fourth Amendment rights, but his allegations regarding these Defendants are largely conclusory. To be personally liable under § 1983, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also C.H. ex rel. Z.H. v. Oliva*, 226 F.3d 198, 201 (3d Cir. 2000) ("It is, of course, well established that a defendant in a civil rights case cannot be held responsible for a constitutional violation which he or she neither participated in nor approved."). If Plaintiff submits an Amended Complaint and names these Defendants, he must plead additional facts showing how each of these Defendants participated in the alleged wrongs.

Finally, Plaintiff also appears to allege that his mother's civil rights were violated when her home was searched, and it is unclear if he seeks damages on her behalf. (ECF No. 1, Compl. at 9-10.) A litigant in federal court has a right to act as his or her own counsel. *See Osei-Afriyie by Osei-Afriyie v. Med. Coll. of Pennsylvania*, 937 F.2d 876, 882 (3d Cir. 1991). It is well settled, however, that a prisoner acting pro se cannot assert claims on behalf of anyone but himself or herself. With respect to the alleged violation(s) of Plaintiff's mother's rights, Plaintiff lacks standing to seek damages on his own behalf because litigants "cannot rest a claim to relief on the legal rights or interests of third parties." *Itiowe v. Robert Wood Johnson Univ. Hosp. Hamilton*, 556 F. App'x. 124, 125 (3d Cir. 2014) (citing *Powers v. Ohio*, 499 U.S. 400, 410 (1991)). Plaintiff also lacks the authority to assert claims on his mother's behalf because a party may not represent another pro se. *See id.* (citing *Osei-Afriyie*, 937 F.2d at 883). As such, to the extent Plaintiff seeks relief on behalf of his mother for violations of her civil rights, such claims are dismissed. *See Corradi*, 2017 WL 5762391, at *1 (dismissing claim for violations of plaintiff's mother's civil rights premised on unlawful search of mother's home where plaintiff resided).

V. **CONCLUSION**

For the reasons explained above, the Court will grant Plaintiff's IFP and dismiss the Complaint in its entirety at screening. The Complaint is dismissed with prejudice as to the New Jersey State Parole Board. To the extent Plaintiff seeks damages from any of the individual Defendants in their official capacities, such claims are also dismissed with prejudice. The Complaint is otherwise dismissed without prejudice as stated in this Opinion. Within 30 days, Plaintiff may file an amended complaint with respect to his own Fourth Amendment claims

against the individual Defendants to the extent he can cure the deficiencies in those claims as described in this Opinion.[4]  An appropriate Order follows.

_____
Madeline Cox Arleo, District Judge
United States District Court

---

[4] Plaintiff may not file an Amended Complaint with respect to the alleged violations of his mother's civil rights for the reasons stated in this Opinion.